**Ranjit SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73948.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 17, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard E. Oriakhi, Esq., Roman & Singh, LLP, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan H. Hogan, U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

MEMORANDUM **

Ranjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying his application for asylum and withholding of removal and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination, *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002), and for abuse of discretion the denial of the motion to remand, *Romero–Ruiz v. Mukasey,* 538 F.3d 1057, 1062 (9th Cir.2008). We deny the petition for review.

■ Substantial evidence supports the agency's adverse credibility determination based on Singh's submission of a fraudulent identity document and his inconsistent testimony as to how he obtained that document. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (affirming negative credibility finding based on, *inter alia,* discrepancies regarding identity).

■ We lack jurisdiction to consider Singh's argument that he did not know his driver's license contained an altered photograph because Singh failed to raise this issue to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

In the absence of credible testimony, Singh failed to establish eligibility for asylum or withholding of removal. *See Farah,* 348 F.3d at 1156.

■ The BIA did not abuse its discretion in denying Singh's motion to remand because Singh did not submit previously unavailable evidence of identity. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1); *Romero–Ruiz,* 538 F.3d at 1064.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.